# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

DAVID WILLIAMS                                                                                       PLAINTIFF
ADC #78730

V.                               NO: 2:09CV00030 SWW/HDY

GREG HARMON *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.
2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Varner Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), on March 13, 2009, naming 10 individuals as Defendants. Plaintiff's complaint and attachments totaled 255 pages and contained what appeared to be multiple and unrelated claims in connection with five disciplinary charges, and an incident where he claimed his property was confiscated. Therefore, Plaintiff was ordered to file an amended complaint which set forth the claim he would like to pursue in this lawsuit, and to explain how instances separated by many months could be part of the same claim (docket entry #3). On April 30, 2009, Plaintiff filed an amended complaint (docket entry #6).

### **I. Screening**

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2)

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

In his amended complaint, Plaintiff makes clear his intention to pursue retaliation claims. According to Plaintiff, various incidents that occurred over a period of many months where he was allegedly denied yard call, charged with disciplinary violations, subjected to shakedowns, denied due process in hearing, and had property confiscated, were in retaliation for his protected litigation and grievance activities.  Plaintiff appears to hold East Arkansas Regional Unit Warden Greg Harmon primarily responsible for the claimed retaliation, along with Capt. Moses Jackson, Harmon's alleged "frontman."  As Plaintiff put it in his amended complaint, "this suit is about Warden Harmon and Capt. Moses Jackson's despotic actions against me personally, and by their agents" (docket entry #6, page #2).

Plaintiff attempted to raise a similar retaliation claim, along with others, in *Williams v.*


*Harmon, et al.*, ED/AR No. 2:09CV44.[1] Plaintiff in 2:09CV44 was directed to file a substituted complaint, with the Court noting that Plaintiff could not combine separate and unrelated retaliatory acts committed by different Defendants at different times, into one retaliation claim. With respect to his retaliation claims, Plaintiff attempted to do just that in 2:09CV44, and the Court concluded that Plaintiff's complaint did not comply with its order, or Fed.R.Civ.P. 8, despite Plaintiff's attempts to show a pattern (or as he put it, "snowball effect") of retaliatory conduct. Thus, Plaintiff's retaliation claims were dismissed, although he was allowed to proceed with certain other claims.[2] Similarly, in this case, Plaintiff is attempting to combine unrelated claims of retaliation against multiple Defendants, in an attempt to show a pattern of retaliatory conduct.[3] Plaintiff has failed to identify the distinct claim he would like to pursue in this case, as he was ordered to do. Accordingly, Plaintiff's complaint should be dismissed for failure to comply with the Court's order.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with the Court's order.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment

---

[1] Both 2:09CV44, and this case, are cases Plaintiff filed after another action (2:07CV114) was dismissed as containing multiple claims and being more appropriate for separate lawsuits.

[2] Plaintiff's retaliation claims were dismissed over his objections (2:09CV44, docket entry #12, page #4), in which he objected especially to a dismissal of his retaliation claims against Harmon and Jackson.

[3] To cite a few examples, Plaintiff claims he was denied yard call on multiple occasions in September of 2006, and again in May and June of 2007; that he was denied showers in January of 2007; and that he was written a retaliatory disciplinary in September of 2007.

dismissing this action be considered frivolous and not in good faith.

DATED this  14   day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE